IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VAN ZANDT COUNTY, TEXAS | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 6:16-cv-461 |
| V. | § | |
| | § | JURY DEMANDED |
| MIDWEST PORTLAND, LLC | § | |
| Defendant. | § | |

PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Van Zandt County, Texas, hereinafter called Plaintiff, complaining of and about MIDWEST PORTLAND, LLC, hereinafter called Defendant, and for cause of action would show unto the Court the following:

## I. DISCOVERY LEVEL

1. Plaintiffs intend that discovery be conducted under Discovery Level 2.

## II. PARTIES TO THE SUIT

2. Plaintiff, Van Zandt County, Texas, is a municipal entity located in Canton, Texas.

3. Defendant is a company, whose principal place of business is located at 600 Twin Rail Dr., Minooka, IL. 60047.  Defendant is a foreign corporation, non-resident of Texas, which has no Certificate of Authority for doing business in Texas.  Defendant engages in business in Texas, but does not maintain a regular place of business or a designated agent for service of process in Texas.  This proceeding rises out of business done in Texas and to which Defendant is a party.  Pursuant to Texas Civil Practice and Remedies

Code Sections 17.004(a) & (b), service of citation on Defendant may be accomplished by serving the Secretary of State who will forward such citation by certified mail, return receipt requested, to Defendant's registered agent: Frank J. Garrone, Jr., 600 Twin Rail Dr., Minooka, IL. 60447.

### III. JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that diversity of citizenship exists and the subject matter in controversy is within the jurisdictional limits of this court. Additionally, the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### IV. VENUE

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and division.

### V. STATEMENT OF FACTS

6. Defendant designed Model #1200 jail locks that were purchased by Van Zandt County and used at the Van Zandt County Justice Center. Defendant placed these jail locks into the stream of commerce where they were marketed, sold, and installed in Van Zandt County, Texas. On or about June 15, 2014, Van Zandt County discovered that inmates at the jail were able to use county issued combs and bed sheets to compromise these locks and open their cells. On July 3, 2014, the Texas Commission on Jail Standards issued a Memorandum to Sheriffs and Jail Administrators in Texas regarding the defects of these particular locks, and the fact that they could be compromised by inmates. As a result

of the locks designed by Defendant, Van Zandt County incurred a number of expenses resulting from having to house the inmates in other correctional facilities during the time. Van Zandt County had to replace the locks at the Van Zandt County Justice Center.

## VI. CAUSES OF ACTION

7. Defendant has a duty to exercise ordinary care in the design, testing, marketing and distribution of its jail locks to ensure that they are not unreasonably dangerous for their intended and foreseeable use in jails in the State of Texas. Defendant knew, or in the exercise of ordinary care should have known, that the jail locks forming the basis for this suit were defective and unreasonably dangerous for use in the jails of counties throughout Texas, including the Van Zandt County Jail. Defendant breached its duty of ordinary care by placing the jail locks into the stream of commerce in a defective and unreasonably dangerous condition. This negligence on the part of Defendant was a proximate cause and cause-in-fact of the damages sustained by Plaintiff.

8. Defendant is the manufacturer of the jail locks that were installed at the direction of the Defendant at the location in question and in place at the time of the incident that forms the basis for this suit. It was foreseeable to Defendant that incidents would occur involving prisoners being able to disable the locks. Defendant defectively designed, manufactured, assembled, marketed and distributed the jail locks in a manner that prevented the jail locks from operating as intended. As such, Defendant is liable under the doctrine of strict product liability. The defective nature of the locks was a producing cause and cause-in-fact of the damages sustained by Plaintiff.

9. Section 2.314 of the Texas Business and Commerce Code provides for an implied warranty of merchantability on products sold in Texas used for their ordinary purpose. As such, there was an implied warranty that the jail locks were merchantable. Defendant breached this implied warranty because the jail locks were of such condition to render them unfit for the ordinary purpose for which they were to be used. This breach of the implied warranty of merchantability by Defendant was a producing cause and cause-in-fact of the damages sustained by Plaintiff.

10. Section 2.315 of the Texas Business and Commerce Code provides for an implied warranty of fitness for a particular purpose on products sold in Texas. As such, there was an implied warranty that the jail locks were fit for the particular purpose of use in correctional facilities. Defendant had reason to know the particular purpose for which the jail locks were intended, and that users like Plaintiff would rely on the skill and judgment of Defendant to select or furnish a suitable jail lock. Defendant breached this implied warranty because the jail locks were not suitable for use in jails.  This breach of the implied warranty of fitness for a particular purpose by Defendant was a producing cause and cause-in-fact of the damages sustained by Plaintiff.

11. At all relevant times to this suit, Plaintiff was acting as a consumer as defined in Section 14.45 (4) of the Texas Deceptive Trade Practices Consumer Protection Act (DTPA); and thus the breach of such implied warranties constituted a violation of the DTPA.

## VII.  DAMAGES

12. As a direct and proximate result of the occurrence made the basis of this

lawsuit, Plaintiff has incurred the following damages:

    A.    Any and all economic damages;

    B.    Any and all actual damages;

    C.    Damages for mental anguish; and

    D.    Any and all attorney's fees arising from these proceedings.

13.    Plaintiff further demands a jury trial for this case and tenders the jury fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

FLOWERS DAVIS, P.L.L.C.
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
(903) 534-8063
(903) 534-1650 Facsimile

By: _____
**ROBERT S. DAVIS**
State Bar No. 05544200
rsd@flowersdavis.com
Lead Attorney

**ATTORNEY FOR PLAINTIFF**